**REDACTED VERSION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASUKWO MENDE ARCHIBONG,<br><br>Plaintiff,<br><br>v.<br><br>FORMULA ONE AUTO IMPORTS<br>AND JOHN KUSICK,<br><br>Defendants. | Civil Action No.<br><br>15-4771 (MCA) (LDW)<br><br>**REPORT & RECOMMENDATION**<br><br>**(FILED PARTIALLY UNDER SEAL)[1]** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court are plaintiff *pro se* Asukwo Mende Archibong's motions: (1) "To Reopen The Case And For Breach Of Contract" (ECF No. 28); and (2) "To Preclude Defendants From Further Direct Contact With the Judges In The Instant Case" (ECF No. 34). United States District Judge Madeline Cox Arleo referred these motions to the undersigned for a Report and Recommendation. Having considered the parties' submissions without oral argument, pursuant to Fed. R. Civ. P. 78, it is respectfully recommended that plaintiff's motions be **DENIED.**

**I.  BACKGROUND**

Plaintiff, a practicing lawyer in Maryland and the District of Columbia, filed this action *pro se* in June 2015. ECF No. 1. The Complaint, which plaintiff amended as of right in July 2015, essentially alleged that defendant Formula One Auto Imports ("Formula One"), a New Jersey car dealership, made misrepresentations in connection with the sale to him of a used Mercedes Benz.

---

[1]  The Court redacts from the publicly filed version of this Report and Recommendation details of the confidential terms of the parties' settlement. More generic references to the settlement that reveal no more than what is available on the public docket are not redacted.

ECF No. 5. Plaintiff further alleged that defendant John Kusick, an employee of Formula One, participated in the misrepresentations. *See id.* Plaintiff asserted state law claims against these defendants for breach of contract, fraud, negligence, misrepresentation, trespass to chattel and conversion. *See id.*

The undersigned Magistrate Judge conducted a settlement conference on October 5, 2015, beginning at 11:30 a.m. *See* ECF No. 18. The conference was contentious, due to the obvious animosity between the parties. Nevertheless, after several hours of negotiations, a settlement was reached. The terms of the confidential settlement were placed on the record at 5:30 p.m. *See* ECF No. 31 (Transcript of Settlement Hearing).



60-day Order, *id.* at 4, which the Court issued on October 6, 2015. ECF No. 22. No party requested that the Court retain jurisdiction to enforce the terms of the settlement, and the Court did not do so. *See* ECF Nos. 22, 31.

Due to the lack of trust between them, the parties requested as part of the settlement ▮

▮. *See*

ECF No. 31 at 2, 3 and 4; ECF No. 25 (Order Directing Clerk to Temporarily Assume Custody of Property). The parties having confirmed on or about October 16, 2015 that the conditions precedent to release of the title and the cashier's check had occurred,[2] the Court ordered release of the cashier's check to plaintiff, ECF No. 26 (Order Directing Release of Property), and the vehicle title to Formula One. ECF No. 27 (Order Directing Release of Property).

## II. LEGAL ANALYSIS

### A. The Motion To Reopen And For Breach Of Contract

Plaintiff filed his first motion in November 2015, seeking to reopen this action and pursue a breach of contract claim against the defendants for an alleged violation of the settlement reached before the Court. He contends that defendants violated the confidentiality provision of the settlement by disclosing to the Bergen County Office of Consumer Protection the terms of the settlement reached by the parties when defendants were contacted by one of the agency's investigators.[3] ECF No. 28-1 at 2. He seeks to reopen this action to pursue remedies for this alleged breach of contract. *Id.* at 5.

---

[2] ▮

[3] 

Defendants oppose the motion. They contend that they did not breach the settlement agreement by answering truthfully the questions about the settlement posed by the agency's investigator when she contacted Formula One. *See* ECF Nos. 33, 33-1 and 33-2.

In focusing in their motion papers on the merits of the alleged breach of the settlement agreement, the parties overlook a fundamental issue: There is no subject matter jurisdiction for this Court to adjudicate the alleged breach of the settlement agreement. Although the parties did not raise this issue, the Court is required to consider its subject matter jurisdiction *sua sponte*, as any action taken by the Court in the absence of jurisdiction is void. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002); *see also Alston v. Kean Univ.*, 604 F. App'x 216, 217 (3d Cir. 2015); *Cruz v. United States*, 537 F. App'x 26, 28 (3d Cir. 2013), *cert. dismissed*, 134 S. Ct. 1568 (2014); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

Since the late Justice Scalia wrote for a unanimous Supreme Court in *Kokkoken v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), the law has been clear that there must be an independent basis of subject matter jurisdiction for a district court to enforce a settlement agreement. In *Kokkoken,* the parties sought enforcement of a settlement term rather than "just a continuation or renewal of the dismissed suit." *Id.* at 377-78. But they had not requested that the District Court retain jurisdiction to enforce the settlement agreement. *Id.* at 377. Noting that "[f]ederal courts are courts of limited jurisdiction," *id.* at 377, the Supreme Court held that in the absence of the District Court's retention of jurisdiction, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 381. The Supreme Court therefore reversed the lower courts, which had relied on their perceived "inherent power" to enforce the settlement agreement.

The relief plaintiff seeks falls squarely within *Kokkoken*'s requirement that there be an independent basis for subject matter jurisdiction, as his motion is to enforce the settlement reached in the underlying action. As the Third Circuit noted in *Shaffer*, "reinstatement of an action, which revives the underlying claim and sends the litigants back to the original battlefield, is totally different from the enforcement of the terms of a settlement agreement because one of the parties has not complied with those terms." 284 F.3d at 503 (citing *Kokkonen*, 511 U.S. at 378). The latter situation, presenting an issue of enforcement, "requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378. Plaintiff's motion clearly is not for the purpose of restoring the claims in the underlying litigation but rather to enforce the confidentiality term of the settlement, and as such is governed by the rule announced in *Kokkonen*.[4]

As in *Kokkonen*, there is no retention of jurisdiction clause in the settlement that would enable the Court to adjudicate plaintiff's motion under the doctrine of ancillary jurisdiction. *See Kokkonen*, 511 U.S. at 378. The parties did not request in the settlement placed on the record (or elsewhere) that the Court retain jurisdiction to enforce the settlement. *See* ECF No. 31. Nor did the Court's 60-day Order retain jurisdiction for that purpose; it only addressed reopening the case in the event settlement was "not consummated," which is not the present situation. *See* ECF No. 22; *supra* footnote 4. Under these circumstances, numerous decisions of the Third Circuit Court

---

[4]   Plaintiff could not in any event restore the claims in the underlying litigation because the settlement placed on the record has been consummated. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬ All actions necessary to consummate the settlement had been performed. Therefore, the 60-day Order's allowance of reopening of the action "*if the settlement is not consummated*," ECF No. 22 (emphasis added), was never triggered. It is therefore irrelevant to the Court's decision that plaintiff's motion was filed within the 60-day period of the 60-day Order. *See Shaffer*, 284 F.3d at 503 (holding under *Kokkonen* that Court lacked jurisdiction to enforce settlement, despite movant's having filed within the 60-day period of 60-day Order dismissing case).

5

of Appeals and this Court have found subject matter jurisdiction lacking. *See, e.g., Guiuan v. Villaflor*, 544 Fed. Appx. 64 (3d Cir. 2013) (holding no subject matter to enforce settlement placed on record with *pro se* plaintiff in absence of retention of jurisdiction provision); *Shaffer*, 284 F.3d 500 (holding no subject matter to enforce settlement placed on record where case was closed by 60-day Order that did not retain jurisdiction); *Valentine v. Beyer*, 2008 WL 961237, 85-CV-4401 (MLC) (D.N.J. Apr. 8, 2008) (holding no jurisdiction to enforce settlement that had been approved by Court after fairness hearing in absence of retention of jurisdiction clause); *In re Nazi Era Cases Against German Defendants Litigation*, 213 F. Supp.2d 349 (D.N.J. 2002) (Bassler, J.) (holding no jurisdiction to enforce settlement where Court did not agree to retain jurisdiction).

Nor is there any other independent basis for subject matter jurisdiction. As an initial matter, there is no federal question presented under 28 U.S.C. § 1331 by plaintiff's allegation that defendant breached the terms of the settlement agreement. Such a claim is one for breach of contract under state law. *See Valentine*, 2008 WL 961237, at *3.

In addition, although the citizenship of plaintiff and defendants may be diverse, the Court finds to a legal certainty that the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a) cannot be satisfied. *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) (instructing that legal certainty test should be applied to determine satisfaction of amount in controversy). Plaintiff seeks only punitive damages for defendants' alleged breach of the confidentiality provision of the settlement agreement. *See* ECF No. 28-1 at 5. Punitive damages may be included for purposes of determining amount in controversy only if (1) they are recoverable; and (2) the basis for seeking them is not frivolous. *See Jayme v. MCI Corp.*, 328 Fed. Appx. 768, 771 (3d Cir. 2008) ("When punitive damages are recoverable, they are properly considered in determining whether the jurisdictional amount has been satisfied, but when a claim

for punitive damages is frivolous, such damages are unavailable as a matter of law and that claim must be stricken from the amount in controversy.") (internal quotations and citations omitted). Neither condition is satisfied here.

First, punitive damages ordinarily are not recoverable under New Jersey law for breach of contract. See *Jayme*, 328 Fed. Appx. at 77. Second, plaintiff's claim for punitive damages appears to be frivolous, rendering it highly unlikely that this would be the exceptional breach of contract case in which punitive damages would be awarded. Defendants' alleged breach was their responding truthfully to questions about the settlement posed by a governmental agency that was investigating plaintiff's consumer complaint. ██████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
███████████████████████████████ Conversely, interpreting the settlement's confidentiality term to prohibit defendants from responding truthfully to a governmental agency's questions would seem to be in violation of public policy. Exceptions to a settlement's confidentiality provisions routinely include a party's right – indeed, obligation – to respond to legal process such as subpoenas. There would be no principled reason to treat responses to a public agency's investigatory inquiries any differently.

Because the Court finds to a legal certainty that plaintiff would not be awarded punitive damages of $75,000 or greater for the alleged confidentiality breach pertaining to a $26,000 settlement, the amount in controversy threshold needed to confer subject matter jurisdiction on this Court is not met. Accordingly, there is no independent subject matter jurisdiction over plaintiff's new breach of contract claim and he must pursue any further proceedings on this matter in state court.

In any event, even if plaintiff had satisfied his burden of demonstrating subject matter jurisdiction over this new claim, plaintiff would be required to file a new action in this Court for breach of contract. *See Valentine*, 2008 WL 961237, at *2 ("[E]ven if there is an independent basis for federal jurisdiction, 'the proper vehicle to exercise that jurisdiction' is a 'separate action to enforce settlement,' as opposed to a motion in the first action.") (*quoting In re Nazi Era Cases*, 213 F. Supp.2d at 450). Because the Court did not retain jurisdiction of this closed case, it would be improper to reopen it in order to litigate what is actually a new breach of contract action within a closed docket number. A new action such as this requires a new Complaint, the payment of a filing fee, and a demonstration that the Court has subject matter jurisdiction over the new action. Plaintiff cannot enforce the settlement by means of the instant motion. Therefore, it is respectfully recommended that plaintiff's motion to enforce the settlement be denied.

### B. The Motion To Preclude Defendants From Contacting the Court

Plaintiff's second motion consists of a one and a half page brief, unsupported by any certification, asserting that defendants' counsel inappropriately has contacted the Chambers of the Judges assigned to this case and seeking an order prohibiting defendants from communicating with the Court. The only improper contacts specifically alleged by plaintiff are defendants' counsel's "letters, emails and the last Motion filed by the Defendant in opposition to the Motion of the Plaintiff." ECF No. 34 at 1. As purported proof of these alleged improper contacts, plaintiff attaches a cover letter from defendants' counsel to William T. Walsh, the Clerk of Court, enclosing defendants' motion papers in opposition to the Motion To Enforce, which letter indicates that courtesy copies of the motion papers are being delivered to Judges Arleo and Wettre. *See id.* at 3. Plaintiff apparently contends that defendants' counsel has a duty to communicate directly with plaintiff "to resolve the dispute," rather than with the Court, and that "[t]here is nothing the Defendant has to communicate with the Judges that cannot be put in a motion." *Id.* at 1.

Plaintiff's motion is without merit. Defendants' counsel's contact with the Court since the completion of the settlement has been by way of filing papers in opposition to plaintiff's motion to enforce and serving courtesy copies on the assigned Judges, in compliance with the Court's rules. The Court is aware of no improper, *ex parte* communications from defendants' counsel. It is therefore respectfully recommended that this motion be denied.

## III. CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's motion to enforce and for breach of contract (ECF No. 28) and plaintiff's motion prohibiting defendants' contact with the Court (ECF No. 34) be **DENIED**.

Dated: March 31, 2016

*Leda Dunn Wettre*
**Leda Dunn Wettre**
**United States Magistrate Judge**

Original:    Clerk of the Court
    cc:    Hon. Madeline Cox Arleo, U.S.D.J.
        All Parties (Unredacted Version By Mail)